# IN THE COURT OF APPEALS OF IOWA

No. 21-0555
Filed November 2, 2022

**COMMUNITY 1ST CREDIT UNION,**
    Plaintiff-Appellee,

**vs.**

**JONATHAN L. HART,**
    Defendant-Appellant,

**and**

**ASHLEY R. HART, KEVIN SMITH, KEVIN SMITH EXCAVATING, L.L.C., DAVE SMITH, ELECTRICAL ENGINEERING AND EQUIPMENT COMPANY, LOCKRIDGE, INC., VAN METER, INC., KATHERINE LUTON, CATERPILLAR FINANCIAL SERVICES CORPORATION, AGRILAND FS, INC., CANTRIL FEED & GRAIN, LLC, HBF HAYCO, LLC, FARM CREDIT SERVICES OF AMERICA, PCA, SEBOLT CONSTRUCTION LLC, ONDECK CAPITAL INC., JANET WILLIER, C. SCOTT SEBOLT, HELEN STEVENS, JOHN HUEBNER, BRYCE RIESSEN, GEORGE REYNOLDS, RICHARD REYNOLDS, and PARTIES IN POSSESSION,**
    Defendants.
_____

Appeal from the Iowa District Court for Appanoose County, Myron L. Gookin, Judge.

Jonathan Hart appeals from the district court order rejecting his request to set aside the sheriff's sale in a foreclosure action. **AFFIRMED.**

Jonathan L. Hart, Centerville, self-represented appellant.

Gayla R. Harrison of Harrison, Moreland, Webber & Simplot, P.C., Ottumwa, for appellee.

Considered by Tabor, P.J., Badding, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**VOGEL, Senior Judge.**

In February 2019, Community 1st Credit Union (Community 1st) filed a petition to foreclose its mortgages and seek in rem judgment against the various mortgaged properties. The petition named Jonathan Hart and Ashley Hart[1] as mortgagors who allegedly defaulted on multiple promissory notes to Community 1st. It also named several other persons and entities as potential inferior lien holders on the mortgaged real estate. The district court granted default judgment against Hart, and in July the court entered a foreclosure decree. On September 26, Community 1st purchased the real estate at a sheriff's sale for a bid of $1,600,000. In January 2020, Hart filed for bankruptcy. In February 2021, the bankruptcy court granted partial relief from the automatic stay, "to permit the Iowa District Court in Appanoose County to address . . . the effect of the sheriff's deed not being issued to date." With limited exceptions, Hart remained under the protection of the bankruptcy court's stay through the time of this appeal.

On February 12, 2021, Hart filed a motion asserting the sheriff's sale was defective because no sheriff's deed had been recorded as required by statute. Community 1st acknowledged a sheriff's deed had not yet been recorded, but it asserted no deed could be recorded because the sheriff had yet to issue a deed. At a hearing on the motion, Hart's attorney clarified his requested relief: "The sheriff should be brought into this case as a party so that we can do some discovery. . . . I think this is a do-over sale." The district court rejected Hart's motion, finding, "Hart suffers no harm by the delay in recording the sheriff's deed" and such did not

---

[1] The petition asserts Jonathan Hart and Ashley Hart are spouses and co-debtors. Only Jonathan appeals.

warrant setting aside the sheriff's sale. It then instructed the sheriff to deliver the deed to Community 1st. Hart appeals.

We generally review foreclosure proceedings de novo. *Compeer Fin. Servs., FLCA v. Braaksma*, 966 N.W.2d 297, 301 (Iowa Ct. App. 2021). However, when a foreclosure proceeding involves the interpretation of a statute, "[w]e review questions of statutory interpretation for correction of errors at law." *Mlady v. Dougan*, 967 N.W.2d 328, 332 (Iowa 2021) (quoting *Standard Water Control Sys., Inc. v. Jones*, 938 N.W.2d 651, 656 (Iowa 2020)). Statutory interpretation "begins with the language of the statute" in order "to determine the ordinary and fair meaning of the statutory language at issue." *Doe v. State*, 943 N.W.2d 608, 610 (Iowa 2020).

Hart argues the sheriff's sale violates Iowa Code section 654.16A (2019). Section 654.16A, titled "Right of first refusal following recording of sheriff's deed to agricultural land," states:

> 1. Not later than the time a sheriff's deed to agricultural land used for farming . . . is recorded, the grantee[2] recording the sheriff's deed shall notify the mortgagor of the mortgagor's right of first refusal. *The grantee shall record the sheriff's deed within one year and sixty days from the date of the sheriff's sale*.

(Emphasis added.) The right of first refusal gives the mortgagor ten days from notice of a sale of the mortgaged property to match the terms and price of the sale. *See* Iowa Code § 654.16A(4).

---

[2] The district court noted a dispute below over who is the "grantee" tasked with the duty to timely record the sheriff's deed and notify the mortgagor of the right to first refusal under section 654.16A(1). On appeal, Hart argues Community 1st was the "grantee." Because the issue is not necessary to our ultimate resolution, we do not reach the question of whether Community 1st was the "grantee" under section 654.16A(1).

Community 1st does not dispute that section 654.16A applies here and that no sheriff's deed was recorded within one year and sixty days of the sale. However, Community 1st asserts the Iowa Code does not provide statutory authority to set aside a sale for failure to timely file a sheriff's deed, and Hart points to no such authority. We thus turn to our general rule on execution sales: "Iowa law erects a strong presumption in favor of an execution sale. In the absence of fraud, collusion, or other substantial and justifiable prejudice, mere irregularities in the procedures leading to or following an execution sale will not support a debtor's motion to set aside the sale." *S. Ottumwa Sav. Bank v. Sedore*, 394 N.W.2d 349, 351 (Iowa 1986).

Hart does not assert fraud or collusion, and he claims little in the way of prejudice from the failure to timely record a sheriff's deed. The plain language of section 654.16A(1) shows the statute's purpose is to ensure the mortgagor is notified "of the mortgagor's right of first refusal." Hart's property is still under the bankruptcy stay, and therefore Community 1st has not attempted to sell the realty; thus, Hart has had no opportunity to exercise his right of first refusal. As the district court noted, Hart is still entitled to notice and exercise of his right to first refusal once the sheriff's deed is recorded under Iowa Code section 654.16A(4). The court also noted his challenge to the absence of a recorded sheriff's deed has actually benefitted him by extending his time under the protection of the bankruptcy stay until resolution of his challenge.

In his brief to us, Hart asserts the absence of a recorded sheriff's deed means his redemption period expired before "a true redemption amount [could] be established." *See id.* § 628.3 (giving the debtor the right to "redeem real property

at any time within one year from the day of sale"). We find the absence of a recorded sheriff's deed caused no prejudice to Hart's right of redemption for multiple reasons. First, section 654.16A(1) allows one year and sixty days after the sale to record the sheriff's deed, thus showing the sheriff's deed may be properly recorded after expiration of the one-year period for redemption. *Compare id.* § 654.16A(1), *with id.* § 628.3. Second, the record contains no indication that Hart ever attempted to redeem the real estate or that the absence of a recorded sheriff's deed actually interfered with Hart's right of redemption. Third, Hart's contemporaneous court filings acknowledge he was aware of his right of redemption, stating the "redemption period is currently in effect," yet he never raised an issue with the right before it expired. Therefore, we find Hart suffered no prejudice from the absence of a recorded sheriff's deed and no statutory authority exists to set aside the sheriff's sale.

Hart also argues the district court should have granted his request for discovery into why the sheriff's deed was not timely recorded. Because the court did not decide this issue, it is not preserved for appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

We affirm the district court's denial of Hart's motion to set aside the sheriff's sale.

**AFFIRMED.**